## Frank N. Gage v. George W. Houts.

1. **Bill of Exceptions**—*Agreement To Have the Original Incorporated in the Transcript.*—An agreement in the words and figures following, "It is hereby stipulated and agreed by and between the parties hereto, and their respective attorneys, that the original bill of exceptions may be incorporated in the record in said cause in lieu of a copy thereof," is a mere stipulation that the original bill of exceptions shall be a part of the record of the cause as it stood in the Circuit Court and is not a compliance with the statute.    Sec. 68, Chap. 53, entitled Fees and Salaries.

**Memorandum.**—Assumpsit for money had and received. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding.    Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

Newman & Northrup and S. O. Levinson, attorneys for appellant.

Thomas W. Prindiville, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

On an appeal by the appellant to the Circuit Court, from a judgment recovered against him by the appellee in a suit before a justice of the peace, judgment was again rendered against the appellant, and this appeal is from that judgment.

The suit was to recover back four small sums of money paid by appellee under a contract for the purchase of a lot of land, entered into by the appellee during his minority.

Question is made as to the admissibility in evidence, over the objection of appellant, of certain paper writings, purporting to be signed in the name of appellant by an agent, without proof of the authority of the agent.

But we may not inquire into the question, for there is

before us no bill of exceptions to which we may look to ascertain what was there proved.

The certificate of the circuit clerk to the transcript of the record is, that what he certifies to is a true transcript of the record except the bill of exceptions, the original of which is incorporated into the record by stipulation of parties.

It is only by virtue of the statute (Sec. 68, Chap. 53, entitled Fees and Salaries), that, when the parties so agree, the original bill of exceptions, instead of a copy, may be incorporated into the transcript of the record for the Appellate or Supreme Court.

The clerk's certificate of the fact of such an agreement, if it were so expressed, is, and could be, no evidence of it. Had such an agreement been embodied in the bill of exceptions, and thereby have borne the stamp of authenticity afforded by the signature of the trial judge, the requirements of the statute would have been fully met.

Or had there been a separate stipulation, evidencing such an agreement, as is usually done, it would be sufficient.

Where, as here, no such agreement is embodied in the bill of exceptions, we will, as in duty bound, look elsewhere in the transcript to find, if we can, the agreement, as evidenced by the stipulation referred to by the clerk.

So looking in this case, we do find a stipulation entitled in the suit of Houts v. Gage, in the Circuit Court, in words and figures as follows:

"It is hereby stipulated and agreed by and between the parties hereto and their respective attorneys that the original bill of exceptions may be incorporated in the record in said cause in lieu of a copy thereof.

(Signed)    THOMAS W. PRINDIVILLE,
                                    Plaintiff's Attorney.
                NEWMAN & NORTHRUP and
                S. O. LEVINSON,
                                    Defendant's Attorneys."

But we find no other stipulation touching the bill of exceptions.

No one looking at that stipulation can find anything

within it indicating that an appeal to this court, or any other, was in the contemplation of the parties to it.

It is a mere stipulation that the original bill of exceptions should be a part of the record of the cause as it stood in the Circuit Court, and nothing more.

We can not, without forcing upon one or the other of the parties to it, an interpretation which may not have been within his intention. give to that stipulation an effect not at all within its very plain wording.

This court has repeatedly held that such a stipulation is no compliance with the statute. Overman v. Consolidated Coal Company, 51 Ill. App 289, and cases there referred to.

We must, therefore, presume that the Circuit Court had before it ample evidence to sustain its judgment, and, for the same reason, we must presume that the cause was properly placed and heard upon the short cause calendar.

The judgment of the Circuit Court is affirmed.